## Commonwealth v. Defever et al.

(Decided January 12, 1932.)

J. W. CAMMACK, Attorney General, and JAMES M. GILBERT, Assistant Attorney General, for appellee.

LESLIE W. MORRIS, for defendants.

OPINION OF THE COURT BY CHIEF JUSTICE DIETZMAN —Overruling motion to set aside judgment revoking license to practice law.

In April, 1926, J. H. Defever was a candidate in the state bar examination held at that time. The papers turned in under his name being satisfactory, a license to practice law was in due time issued to him. In August, 1927, it was discovered that, as a matter of fact, Defever had not taken the bar examination but had had Ernest Leon Jewell, representing himself as Defever, to take the examination for him. On August 27, 1927, an information was filed in this court by the Attorney General seeking to disbar Ernest Leon Jewell, who was a practicing attorney in the courts of the commonwealth, and to revoke the license theretofore granted Defever. Defever and Jewell filed their reponse, confessing the allegations of the information, and consenting to the relief sought therein, and thereupon in October, 1927, a judgment was entered disbarring Jewell and revoking the license theretofore issued Defever. In the fall of 1931, Defever filed the present motion, asking that the judgment revoking his license to practice law be revoked and set aside on the ground mainly, that, since that judgment had been entered, he had lived an

honest, industrious, ambitious, and moral life, and had the reputation in the community for such a character. It may be said in passing that Jewell has in the mean time died. Waiving all jurisdictional questions raised by the Attorney General, and conceding arguendo that this court may now consider a motion to set aside an order entered by it in 1927 revoking the license to practice law theretofore granted Defever, we are yet met by the proposition that the statement of the case thus given makes it perfectly obvious that the motion of Defever cannot be sustained. As a matter of fact, he has never passed the state bar examinations and, were his motion now made sustained, it would, in effect, be the granting to him of a license to practice law without his ever having successfully passed the state bar examinations. Section 98a-1 of the statutes, being section 1 of chapter 131 of the Acts of 1918, provides:

"No person shall hereafter be licensed as an attorney or counselor at law in this state except as herein provided for."

This statute, after making provisions for the admission of attorneys who have been licensed to practice law in other states, a category in which Defever does not fall, specifically provides that applicants for licenses to practice law shall be examined as to their qualifications and shall not be granted a license unless they secure the passing mark prescribed by the statute. As Defever has never qualified under the statute, he, of course, is not entitled to a license to practice law. It therefore follows that his motion to set aside the order entered at the September, 1927, term of the court must be, and it is hereby overruled.